UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:88-CR-157(03)-G |
| THOMAS SHANNON DARR, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Thomas Shannon Darr ("Darr" or "the defendant"), to correct an illegal sentence pursuant to former Federal Rule of Criminal Procedure 35(a). For the reasons set forth below, the motion is denied.

### I. BACKGROUND

The defendant was sentenced to twenty (20) years for possession with intent to distribute methamphetamine. The defendant committed the offense on December 4, 1986, and now claims that the sentence imposed exceeded the statutory maximum as it existed on that date.

## II.  ANALYSIS

The defendant moves to correct his sentence pursuant to the former version of Rule 35(a) of the Federal Rules of Criminal Procedure.[*]  The defendant's argument is essentially one of timing; he claims that the Anti-Drug Abuse Act of 1986 ("ADAA") was not in effect at the time he committed the underlying offense, and as a result the maximum sentence that could be imposed was fifteen years.  *See* Defendant's Motion at 3.

However, the ADAA was signed into law by Congress on October 27, 1986, and the Act became effective immediately.  *See* Anti-Drug Abuse Act of 1986, *attached to* Government's Opposition to Defendant's Motion to Correct Illegal Sentence *as* Exhibit 1; *Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991) (noting that absent any clear indication by Congress to the contrary, a law takes effect on the date of its enactment).  Consequently, Darr is not entitled to the relief he seeks, and his motion must be denied.

## III.  CONCLUSION

For the reasons stated above, the defendant's motion to correct an illegal sentence is **DENIED**.

---

[*]  Prior to November 1, 1987, Rule 35(a) read as follows:  "(a) Correction of Sentence.  The court may correct an illegal sentence *at any time* and may correct a sentence imposed in an illegal manner within the time herein for the reduction of sentence" (emphasis added).  That provision was not retained in the current version of Rule 35, which only allows the defendant seven days to correct a sentencing error.

**SO ORDERED**.

May 8, 2008.

_____
**A. JOE FISH
Senior United States District Judge**